Naomi Spector (SBN 222573)
Email: nspector@kamberlaw.com
**KAMBERLAW, LLP**
1501 San Elijo Road South, Ste.104
San Marcos, CA 92078
Phone: 310.400.1053
Fax: 212.202.6364

Counsel for Plaintiff Mark Tobin, and the
Putative Class

**IN THE UNITED STATES DISTRICT COURT  FOR**

**THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **MARK TOBIN, individually, and on behalf of others similarly situated,**<br><br>　　　　　　**Plaintiff,**<br><br>　　**vs.**<br><br><br>**THE PROCTER & GAMBLE COMPANY,**<br><br>　　　　　　**Defendant.** | **CASE NO.    3:23-cv-5061**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1.  UNFAIR AND UNLAWFUL BUSINESS ACTS AND PRACTICES (CAL. BUS & PROF. CODE §17200 ET SEQ.);**<br>**2.  DECEPTIVE ADVERTISING PRACTICES (CAL. BUS & PROF. CODE §§ 17500, ET SEQ.);**<br>**3.  CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750, ET SEQ.);**<br>**4.  BREACH OF EXPRESS WARRANTY; AND**<br>**5.  QUASI-CONTRACT.**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff Mark Tobin on behalf of himself and others similarly situated in California, by and through his undersigned counsel, hereby files this Class Action Complaint and states as follows based on investigation and information and belief:

**CLASS ACTION COMPLAINT**

## I.    INTRODUCTION AND FACTUAL BACKGROUND

1.    This putative class action seeks to hold Defendant The Procter & Gamble Company ("Defendant") responsible for misstatements made on the labels of its Vicks® DayQuil and NyQuil SEVERE Honey Cold & Flu Liquid medicine and Vicks® DayQuil and NyQuil Kids Honey Cold & Cough + Congestion (the "Products" or "Product").[1]

2.    Defendant prominently represents that the Products are "made with real honey" or "flavored with real honey", including by stating on the label cap seal (which is designed to resemble honey) below the statement "COATS AND SOOTHES" that the Products are "MADE WITH REAL HONEY" or "FLAVORED WITH REAL HONEY" and by displaying the word "HONEY" on the front label adjacent to a large image of a honey dipper dripping honey over a honeycomb (collectively, the "Representations").

3.    Despite these prominent Representations, the Products are either made with no real honey at all or are made with such an insignificant amount of honey that it does not "COAT[] and SOOTHE[]" or provide real honey flavor.

4.    Tellingly, despite the FDA requirement that Defendant list honey as an ingredient, honey is not listed in the ingredient statement on the Products.

5.    Instead of being made from or flavored with "real honey" the Products are principally made from and flavored with artificial flavors, sweeteners, and additives, which are designed to mimic the taste and color of real honey, but do not provide the benefits of real honey.

6.    Consumers increasingly are becoming aware of the benefits of living a healthy lifestyle, including based on eating nutritious foods and taking medication derived from real, natural ingredients.

---

[1] This action includes in the definition of "Products": DayQuil Severe Honey Cold & Flu; NyQuil Severe Honey Cold & Flu; DayQuil Kids Honey Cold & Cough + Congestion; and NyQuil Kids Honey Cold & Cough + Congestion sold during the Class Period (defined below), which state "HONEY" on the front label, display an image of a honey dipper dripping honey (as depicted herein), and state MADE WITH REAL HONEY or FLAVORED WITH REAL HONEY on the label cap seal.

**CLASS ACTION COMPLAINT**

7.    Honey has long been considered to have nutritional benefits and therapeutic promise.[2] Studies show honey is a source of antioxidants, and provides health benefits for bronchitis, throat aches, digestion, hematology and immunity, among others.

8.    Capitalizing on consumers' belief in the health and nutritional benefits of honey, businesses promote honey as a superior, natural treatment for coughs and colds. Defendant is one such company.

9.    Reasonable consumers of Defendant's Products, like Plaintiff, are misled and deceived by Defendant's label Representations.

10.    Defendant is able to command a price premium for the Products based on its false Representations.

11.    For example, on May 31, 2023, Vicks NyQuil Severe Could & Flu – Acetaminophen (12 fluid ounces) was priced at $12.79 on target.com while Vicks NyQuil Severe Cold & Flu Honey – Acetaminophen (12 fluid ounces) was priced at $13.99 on target.com.

12.    As another example, on June 6, 2023, Target sold a two-bottle package of the Products (DayQuil and NyQuil for Adults; 12 oz. each) for $24.49. The Target house brand (same products; same size; without honey) were priced at $17.99.

13.    Plaintiff and reasonable consumers suffered economic injury based on the purchase price of the Products.

14.    If Plaintiff had known the truth about Defendant's false and misleading Representations, he would not have purchased the Products or would have paid less for them.

## II.    JURISDICTION AND VENUE

15.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from

---

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3583289/

**CLASS ACTION COMPLAINT**

Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

16.    This Court has personal jurisdiction over Defendant because Defendant's contacts with the forum are continuous and substantial, and Defendant intentionally availed itself of the markets within California through the sale and distribution of the Products in California and through the privilege of conducting business in California.

17.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant engages in continuous and systematic business activities within the State of California. Moreover, a substantial part of the events and conduct giving rise to the claims alleged herein occurred in this district. *See also* Declaration of Mark Tobin Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), attached as Exh. A.

## III.    PARTIES

18.    Plaintiff Mark Tobin is a citizen of California who purchased the Products in this judicial district during the class period, as described herein.  Plaintiff's claim is typical of all Class members in this regard.

19.    The advertising and labeling on the package of the Products purchased by Plaintiff, including the Representations, is typical of the advertising, labeling and representation of the Products purchased by members of the Class.

20.    The price paid by Plaintiff for the Products is typical of the price by members of the Class.

21.    Plaintiff relied on Defendant's Representations, as described below.

22.    Defendant Procter & Gamble Company, an Ohio corporation with its principal place of business in Cincinnati, Ohio, is a citizen of Ohio.

23.    Defendant and its agents manufacture, market, distribute, label, promote, advertise and sell the Products.

24.    At all times material hereto Defendant was conducting business in the United States, including in California, through its services as a manufacturer and supplier

4

**CLASS ACTION COMPLAINT**

1    to various stores in California and by, among other things, maintaining agents for the
2    customary transaction of business in California.

3        25.    Defendant and its agents promoted, marketed and sold the Products at issue
4    in this jurisdiction and in this judicial district.

5        26.    The deceptive acts and omissions giving rise to Plaintiff's claims occurred
6    in this jurisdiction and in this judicial district.

7        27.    The unfair, unlawful, deceptive, and misleading advertising and labeling of
8    the Products was prepared and/or approved by Defendant and its agents, and was
9    disseminated by Defendant and its agents through labeling and advertising containing
10   the misrepresentations alleged herein.

11   **IV.    FACTUAL ALLEGATIONS**

12       A. <u>**Defendant's Representations are False and Misleading**</u>

13       28.    The following are images of the labels of the Products at issue, which state
14   that they are "MADE WITH REAL HONEY" or "FLAVORED WITH REAL HONEY"
15   on the label cap seal, which is designed to resemble honey, below the prominent
16   statement "COATS & SOOTHES". The "DAY& NIGHT" pack also states on the box
17   top that the Products are "FLAVORED WITH REAL HONEY":

 

**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**

29.    The FDA requires that any product containing honey disclose the ingredient "honey" in the ingredient statement.    *See* 21 U.S.C. §§ 342-343; Proper Labeling of Honey and Honey Products: Guidance for Industry, February 2018.[3]

30.    Despite this express requirement, honey is not listed in the ingredient statement of the Products:

**Inactive ingredients** citric acid, D&C Yellow No. 10, FD&C Green No. 3, FD&C Red No. 40, FD&C Yellow No. 6, flavor, glycerin, propylene glycol, purified water, saccharin sodium, sodium benzoate, sodium citrate, sorbitol, sucralose, xanthan gum

31.    Instead, approximately 75% of the inactive ingredients listed in the Products are artificial flavors, sweeteners or colors, which approximate the taste and color of real honey, including the following ingredients:

- ***Sweeteners***: (i) "flavor", (ii) glycerin (a sugar alcohol), (iii) saccharin sodium (an artificial sweetener), (iv) sorbitol (a sugar alcohol), and (v) sucralose (an artificial sweetener).

- ***Coloring***: (i) D&C Yellow No. 10, (ii) FD&C Green No. 3, (iii) FD&C Red No. 40, and (iv) FD&C Yellow No. 6.

32.    Accordingly, the Representations are false and misleading because the Products are not made from or flavored with real honey.

33.    Instead, the Products are principally made from and flavored with artificial flavors, sweeteners and additives.

34.    Furthermore, consumers of Defendant's Products cannot view the inactive ingredient statement at the time of purchase of the Products because it is located behind a peel-back label on the back of the Products.

35.    Thus, at the time of purchase the only readily viewable information on the

---

[3] To be clear, Plaintiff does not bring this action pursuant to any FDA requirement but, as set forth below, pursuant to California's Consumer Protection Laws and common law based on Defendant's false and misleading label Representations.

**CLASS ACTION COMPLAINT**

back label of the Products is the drugs fact panel. The inactive ingredients are located under and on the reverse side of the drug facts panel, and a consumer would have to lift and peel back the back label to access the ingredient information.

36.    Accordingly, a purchaser cannot readily ascertain from the label that the Products do not list real honey as an ingredient.

37.    The peel-back label renders the Products additionally false and misleading.

**B. Plaintiff Reasonably Relied On Defendant's Representations**

38.    On or about November 29, 2022, Plaintiff purchased NyQuil SEVERE HONEY COLD & FLU.

39.    The label cap of the Product purchased by Plaintiff states: "COATS & SOOTHES" and MADE WITH REAL HONEY.

40.    The label cap of the Product purchased by Plaintiff is designed to look like dripping honey.

41.    The front label of the Product purchased by Plaintiff prominently displays the word "HONEY".

42.    The front label of the Product purchased by Plaintiff bears a prominent image of a honey dipper dripping honey over a honeycomb.

43.    At the time of purchase, the inactive ingredients were not readily viewable as they were printed under a "PEEL BACK" label, which disclosed the Drug Facts Panel but did not readily disclose the inactive ingredients.

44.    Plaintiff purchased the Product from Target for approximately $10.99 for 12 fluid ounces.

45.    Plaintiff purchased the Product for personal and family use.

46.    The Product purchased by Plaintiff bears the Representations.

47.    Plaintiff viewed the Representations on the Product label and, acting reasonably under the circumstances, relied on the Representations.

**CLASS ACTION COMPLAINT**

48.     Based on the Representations, Plaintiff reasonably believed that the Product is made with real honey, including that the Product is made with sufficient honey that it is a beneficial ingredient in the Products.

49.     As described herein, the Representations are false and misleading.

50.     Defendant knew the Representations were false and misleading when it made them.

51.     Had Plaintiff known at the time of purchase that the Representations were false, Plaintiff would not have purchased the Product or would have paid less for it.

**C.  Defendant's Conduct Demonstrates Actual Knowledge that the Representations are False and Misleading**

52.     Defendant has made several changes to its Product labeling, which demonstrate Defendant's actual knowledge that the Products do not in fact contain real honey or contain insignificant or trace amounts of honey that are too small to be measured, and incapable of providing any benefits of real honey.

53.     On information and belief, in or about 2023, Defendant altered the label cap seal of the Products so that it no longer states MADE WITH REAL HONEY or FLAVORED WITH REAL HONEY.

54.     Instead, Defendant changed the label cap seal such that it reads NEW FLAVOR under the phrase "COATS & SOOTHES".

55.     In addition, Defendant modified the front label statement to add the word "FLAVOR" under the word "HONEY" [*see image on following page*]:

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13



14    56.    This change in labeling is an admission by Defendant that the Products do

15  not contain real honey or contain such insignificant or trace amounts of honey that they

16  are too small to be measured and incapable of providing any benefits of real honey.

17    57.    Defendant is a sophisticated company that is highly knowledgeable of FDA

18  labeling requirements for its Products. It certainly knows what real honey is and that

19  honey flavor is not real honey.

20    58.    Defendant's modification of the Product packaging and labeling

21  demonstrates actual knowledge that the labeling on the Products purchased by Plaintiff

22  and Class members is false and misleading.

23    59.    Defendant's modification of the Product labeling also demonstrates an

24  intentional and serial scheme to defraud consumers.

25  **V.    CLASS DEFINITION AND CLASS ALLEGATIONS**

26    60.    Plaintiff brings this action as a class action pursuant to Federal Rules of

27  Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself, on behalf of all others

28  similarly situated, and as a member the Class defined as follows:

**CLASS ACTION COMPLAINT**

All citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products in the State of California and who do not claim any personal injury from using the Products (the "Class").

61.     Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has a controlling interest; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and their staff, and persons within the third degree of consanguinity to such judicial officer.

62.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

63.     This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

64.     **Numerosity**:  Members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the Class consists of hundreds of thousands of purchasers throughout the State of California.  Accordingly, it would be impracticable to join all members of the Class before the Court.

65.     **Common Questions Predominate:**  There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

- Whether the Product Representations are, or any single representation is, false, misleading and/or deceptive;
- Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising, labeling and selling the Products;

**CLASS ACTION COMPLAINT**

- Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*; Cal. Bus. & Prof. Code § 17500, *et seq.*; and/or the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;
- Whether Defendant committed a breach of express warranty;
- Whether Plaintiff and the Class have sustained damage as a result of Defendant's unlawful conduct;
- The proper measure of damages sustained by Plaintiff and the Class; and
- Whether Defendant was unjustly enriched by its unlawful practices.

66. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent because Plaintiff, like the Class members, purchased Defendant's misbranded Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class member's claims arise from the same practices and course of conduct and are based on the same legal theories.

67. **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

68. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

**CLASS ACTION COMPLAINT**

a.    The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.    Given the size of individual Class members' claims, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent members have no substantial interest in individually controlling the prosecution of individual actions;

d.    When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

69.    Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

70.    The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

71.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its

**CLASS ACTION COMPLAINT**

maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Unfair and Unlawful Business Acts and Practices
### (Business and Professions Code § 17200, *et seq.*)
### (*for Plaintiff and the Class*)

72.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

73.    Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, *et seq*. (the "UCL").  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . .."

74.    Plaintiff brings this claim seeking restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

75.    Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

76.    Defendant's conduct was and continues to be unfair and fraudulent because, directly or through its agents and employees, Defendant made uniform materially false Representations.

77.    Defendant was and is aware that the Representations it has made about the Products were and continue to be false and misleading.

78.    Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the labeling and advertising of the Products.

79.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

**CLASS ACTION COMPLAINT**

80.    Defendant's misrepresentation of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the common law.

81.    Defendant's conduct in making the Representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors.

82.    This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

83.    In addition, Defendant's misrepresentations constitute an "unlawful" practice because the Product labels are "false or misleading in any particular" and the Products are therefore misbranded under the law.  *See* 21 U.S.C. § 352; Cal. Health and Safety Code § 111330.

84.    Because the Products are misbranded, they are not Legally Saleable.  *See* Cal. Health and Safety Code §§ 110385, 111440, 111450.

85.    Plaintiff and members of the Class could not have reasonably avoided injury. Defendant's uniform, material misrepresentations regarding the Products were likely to deceive, and Defendant knew or should have known that its misrepresentations were untrue and misleading.

86.    Plaintiff purchased the Products in reliance on the Representations made by Defendant, including that the Products' labeling was accurate as alleged herein, and without knowledge of Defendant's misrepresentations.

87.    Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the

**CLASS ACTION COMPLAINT**

detriment of consumers, such as Plaintiff and Class members.

88.     As a result of the business acts and practices described above, Plaintiff and members of the Class are entitled to such Orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

89.     Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct.  The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

**SECOND CAUSE OF ACTION**
**Deceptive Advertising Practices**
**(California Business & Professions Code §§ 17500, *et seq.*)**
**(*for Plaintiff and the Class*)**

90.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

91.     California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising . . .."

92.     Defendant violated § 17500 when it represented, through its false and misleading Representations, that the Products possess characteristics and value that they do not have.

93.     Defendant's deceptive practices were designed to induce reasonable consumers like Plaintiff to purchase the Products.

94.     Defendant's uniform, material misrepresentations regarding the Products were likely to deceive, and Defendant knew or should have known that its uniform misrepresentations were untrue and/or misleading.

95.     Plaintiff purchased the Products in reliance on the Representations made by Defendant, including that the Product labeling was accurate as alleged herein, and

**CLASS ACTION COMPLAINT**

without knowledge of Defendant's misrepresentations.

96.    Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Class members.

97.    The above acts of Defendant were and are likely to deceive reasonable consumers in violation of § 17500.

98.    In making the Representations alleged herein, Defendant knew or should have known that the Representations were untrue or misleading, and acted in violation of § 17500.

99.    As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500 Plaintiff and members of the Class request an Order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, as well as interests and attorneys' fees.

### THIRD CAUSE OF ACTION
### Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750, *et seq.*)
### (*for Plaintiff and the Class*)

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

101.    Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

102.    The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

103.    The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

**CLASS ACTION COMPLAINT**

104.    Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

105.    Plaintiff and members of the Class are "consumers," as defined by the CLRA in California Civil Code §1761(d).

106.    Purchase of the Products by Plaintiff and members of the Class are "transactions," as defined by the CLRA in California Civil Code §1761(e).

107.    Defendant violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" in that the Products are falsely and misleadingly labeled and represented, as described herein.

108.    Defendant violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by making the false and misleading Representations described herein.

109.    In addition, Defendant violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are misrepresented and misbranded as described herein.

110.    Defendant's uniform, material, misrepresentations regarding the Products were likely to deceive, and Defendant knew or should have known that its misrepresentations were untrue and misleading.

111.    Plaintiff and members of the Class relied on Defendant's Representations and could not have reasonably avoided injury.

112.    Plaintiff and members of the Class were unaware of the existence of facts that Defendant suppressed and failed to disclose.

113.    Plaintiff and members of the Class would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

114.    Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct.

115.    Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at the prices at which they were offered.

**CLASS ACTION COMPLAINT**

116.    Moreover, Defendant's conduct is malicious, fraudulent, and/or wanton in that Defendant intentionally misled and withheld material information from consumers, including to increase the sale of the Products.

117.    Pursuant to California Civil Code § 1782(a), on or about June 8, 2023, Plaintiff on his own behalf, and on behalf of members of the Class, provided notice to Defendant of the alleged violations of the Consumer Legal Remedies Act by notice and draft complaint setting forth Plaintiff's claims.

118.    Despite giving Defendant more than 30-days from the date of the notification letter and draft complaint to provide appropriate relief for violations of the CLRA, Defendant has failed to provide any such relief. As such, Plaintiff also seeks compensatory, monetary and punitive damages, and requests that this Court enter such Orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as is provided in California Civil Code § 1780 and in the Prayer for Relief.

**FOURTH CAUSE OF ACTION**
**Breach of Express Warranty**
***(for Plaintiff and the Class)***

119.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

120.    By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging and labeling, as described herein.

121.    This labeling and advertising constitutes express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, and Defendant.

122.    Defendant, through its advertising and labeling, created express warranties that the Products comport with the label Representations.

123.    Defendant created express warranties that the Products are made or flavored with real honey.

**CLASS ACTION COMPLAINT**

124.    The express warranties appear on all labels of the Products and specifically relate to the goods being sold.

125.    Despite Defendant's express warranties about the nature of the Products, the Products do not comport with the Representations.  Thus, the Products were and are not what Defendant represented them to be.

126.    Accordingly, Defendant breached the express warranties about the Products and their qualities because the Products do not conform to Defendant's affirmations and promises.

127.    Plaintiff provided Defendant with pre-suit notice of the breach of warranty, including by notice and draft complaint dated June 8, 2023.

128.    Plaintiff and members of the Class purchased the Products.

129.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products.

130.    Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## QUASI-CONTRACT
### (*for Plaintiff and the Class*)

131.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

132.    By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

133.    Defendant had knowledge of such benefits.

134.    Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

**CLASS ACTION COMPLAINT**

135. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading Representations and unlawful conduct.

136. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the expense of Plaintiff and members of the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

## **PRAYER**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class; and naming Plaintiff's attorneys as Class Counsel to represent the Class;

B.    For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C.    For an order awarding, as appropriate, compensatory and monetary damages, and restitution or disgorgement to Plaintiff and the Class for all causes of action;

D.    For an order awarding attorneys' fees and costs;

E.    For an order awarding punitive damages;

F.    For an order awarding pre-and post-judgment interest; and

G.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

[signature on next page]

**CLASS ACTION COMPLAINT**

Dated:  October 3, 2023                    Respectfully submitted,


                                           By: /s/ Naomi B. Spector
                                               Naomi B. Spector, Esq.
                                               nspector@kamberlaw.com
                                               **KAMBERLAW, LLP**
                                               1501 San Elijo Road South, Ste.104
                                               San Marcos, CA 92078
                                               Phone: 310.400.1053
                                               Fax: 212.202.6364

**CLASS ACTION COMPLAINT**