UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TOBIN,<br><br>  Plaintiff,<br><br> v.<br><br>PROCTER & GAMBLE COMPANY,<br><br>  Defendant. | Case No. 23-cv-05061-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 29 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Procter & Gamble Company ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The Court hereby GRANTS, IN PART, and DENIES, IN PART, Defendant's motion.

## BACKGROUND

On November 29, 2022, Plaintiff Mark Tobin purchased a bottle of Defendant's NyQuil Severe Honey Cold & Flu liquid medicine (the "Product"). (First Amended Complaint ("FAC") ¶ 39.) The Product's label included representations that it "Coats & Soothes" and was "Made with Real Honey" and included the word "Honey" on the front label (the "Representations"). (*Id.* ¶ 27.) In addition to the text, the Product's cap also looked like dripping honey and the front label had an image of a "honey dipper dripping honey over a honeycomb." (*Id.* ¶¶ 2, 27, 39-43.)

 

Plaintiff alleges he purchased the Product because he "reasonably believed [it was] made with sufficient honey such that honey flavors the product, coats and soothes, and is a beneficial ingredient in the Product[]." (*Id.* ¶ 50.) Plaintiff also alleges that had he known the Product was "made with such an insignificant amount of honey that the honey does not: flavor the products, coat and soothe, or provide the benefits of real honey," he would not have purchased or would have paid less for the Product. (*Id.* ¶¶ 4, 13, 53.) Plaintiff does not allege whether he would purchase the Product again.

Based on these and other allegations the Court will address in its analysis, Plaintiff brings the following claims on behalf of himself and a putative class who purchased the Product or other products bearing allegedly similar labels[1]: (1) violations of California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* ("UCL claim"); (2) violations of California's False Advertising Law, Business and Professions Code sections 17500, *et seq.* ("FACL claim"); (3) violations of California's Consumer Legal Remedies Act, Civil Code

---

[1]  Plaintiff includes in his definition of "Products" Defendant's DayQuil Severe Honey Cold & Flu and DayQuil and NyQuil Kids Honey Cold & Cough + Congestion. He also includes labels for the same Products that state the Products are "flavored with real honey." (FAC at 2 n.1)

sections 1750, *et seq.* ("CLRA claim"); (4) breach of express warranty; and (5) quasi contract.

## ANALYSIS

A.  **Applicable Legal Standards.**

A lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to Twombly, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Claims sounding in fraud or mistake are subject to heightened pleading requirements. Federal Rule of Civil Procedure 9(b) requires plaintiffs to "state with particularity the circumstances regarding fraud or mistake." Fed. R. Civ. Proc. 9(b). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

If the allegations in a complaint are insufficient to state a claim, a court should grant leave

to amend unless amendment would be futile. *Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990).

**B.     The Court Does Not Consider the Parties' Exhibits in Resolving the Motion.**

Defendant submits competing images of the Product and its labels to counter the FAC. (*See* Dkt. Nos. 29, 31.)  Defendant contends the images are incorporated by reference into the FAC.  The label in Defendant's exhibit lists "flavor (with honey)" as an "inactive ingredient," whereas Plaintiff's lists simply "flavor." (*See id.*)  Plaintiff's exhibit matches the excerpt in paragraph 31 of the FAC, whereas Defendant's does not.  In light of this discrepancy, the Court finds that the images are not incorporated by reference, and it does not consider the exhibits in resolving the Motion.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding courts may not consider extrinsic evidence for factual challenges to well-pleaded facts on motions to dismiss under Rule 12(b)(6)); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (noting "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint").

**C.     Plaintiff's State Law Claims Are Not Preempted.**

Defendant argues that Plaintiff's UCL, FAL, and CLRA claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. sections 301, *et seq*.  Plaintiff argues that the FDCA does not his preempt state law claims because the labels are "optional, advertising messages that have nothing to do with any FDA requirement."  (Opp. at 6.)

The Supremacy Clause of the United States Constitution provides that federal statutes take precedence over state law.  *See* U.S. Const., art. VI, cl. 2.  Thus, "state law that conflicts with federal law is without effect." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (internal quotations omitted).  Additionally, federal law may expressly preempt state law to the extent that Congress evinces a clear intent to do so.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015).  Defendant bears the burden of proving that state law claims are preempted. *Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023).

"In analyzing express preemption, we 'start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and

manifest purpose of Congress.'" *Astiana*, 783 F.3d at 757 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).  The Court thus looks to the plain text of the preemption provision to determine Congress's purpose.

Here, the FDCA contains an express preemption provision, which provides that "no State ... may establish or continue in effect any requirement ... that is different from or in addition to, or that is otherwise not identical with a requirement under the [FDCA]." 21 U.S.C. § 379r(a)(2).  Accordingly, Congress's clear purpose was to preempt any state law that differs from or adds to the FDCA's requirements, but not to preempt state law requirements that are identical to the FDCA's requirements.  When considering whether state law is "identical" to the FDCA, the Court "bear[s] in mind the concept of equivalence," and it will find any state law requirement to be identical if it is the "genuine[] equivalent" of the federal requirement.  *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 454 (2005).  State law claims that are "fully consistent with federal requirements" are not preempted.  *Id.* at 452.

The FDCA and regulations promulgated thereunder provide a largely comprehensive set of requirements for cough and cold medications.  Under this regime, a medication is "misbranded. . . [i]f its labeling is false or misleading in any particular." 21 U.S.C. § 352.  "An over-the-counter cold [or] cough. . . drug product in a form suitable for oral. . . administration . . . is not misbranded if it meets each of the conditions in [21 C.F.R. Part 341] and each of the general conditions established in § 330.1." 21 C.F.R. § 341.1.  Part 341 provides a non-exclusive list of statements that may be used to describe cough and cold medications.  21 C.F.C. § 341.74(b).  "Other truthful and nonmisleading statements, describing only the indications for use that have been established and listed in [§ 341.74(b)], may also be used, . . . subject to the provisions of section 502 of the act relating to misbranding and the prohibition in section 301(d) of the act against the introduction or delivery for introduction into interstate commerce of unapproved new drugs in violation of section 505(a) of the act." *Id.*

The FDA provides additional requirements "[f]or purposes of classifying over-the-counter (OTC) drugs as drugs generally recognized among qualified experts as safe and effective for use and as not misbranded drugs" via "drug monographs." 21 C.F.R. § 330.10.  The FDA

1    promulgated one such monograph relating to "cold, cough, allergy, bronchodilator, and
2    antiasthmatic drug products for over-the-counter human use." 67 Fed. Reg. 78,158-01.  Defendant
3    argues that this monograph requires drugs to contain only the "minimum quantity [of natural
4    substances] needed to produce the intended effect." *Id.* at 78,160.  Defendant contends that if it
5    complies with the instruction to use the "minimum quantity" of honey, then the labels are not
6    misbranded.

7    Defendant's arguments miss the mark for several reasons.  Chief among these reasons is
8    that Plaintiff does not seek to impose a labeling "requirement" on Defendant that is different from
9    or adds to Defendant's obligations under the FDCA.  Plaintiff does not, for example, seek an
10   injunction requiring Defendant to add language to its labels.  (*See* FAC, Prayer.)  Instead, Plaintiff
11   seeks declaratory relief regarding alleged affirmative misrepresentations not specifically covered
12   by the FDCA or FDA regulations.  *See, e.g.*, 21 C.F.R. § 341.74(b) (not including words "coats"
13   and "soothes" on list of approved label terms).

14   Further, and contrary to Defendant's assertion, the cough and cold medicine monograph
15   does not specify the amount of natural substances to be used in over-the-counter medications
16   generally.  67 Fed. Reg. 78,158-01, at 78,160.  The monograph specifically addresses menthol,
17   which is both an active ingredient and a potential inactive flavoring ingredient.  *See id.*  The
18   monograph borrows logic from a food regulation that specifically addresses synthetic, not natural,
19   flavoring substances.  *See id.* (citing 21 C.F.R. § 172.515).  Defendant does not convince the Court
20   that this paragraph should apply to honey, which is a natural substance and not listed as an active
21   ingredient in antitussitive medications.  *See* 21 C.F.R. § 341.14 (identifying menthol, but not
22   honey, among active ingredients).

23   Plaintiff's state law claims are coterminous with the FDCA's prohibition on false or
24   misleading labels.  Because Plaintiff does not seek to impose an extra requirement on the labels, or
25   to prevent Defendant from using language approved by the FDCA and its implementing
26   regulations, Plaintiff's claims are not preempted.  *See Astiana*, 783 F.3d at 758 (finding no
27   preemption where plaintiff "is not asking [defendant] to modify or enhance any aspect of its
28   cosmetics labels that are required by law" but instead "claims deception as a result of advertising

6

1    statements that contradicted the true ingredients listed on the FDA-mandated label").

2    **D.   The FAC Plausibly Alleges that the Representations Would Mislead a Reasonable Consumer.**

3

4    Plaintiff's FAL, UCL, and CLRA claims each require Plaintiff to allege facts showing that
5    the labels would mislead a reasonable consumer. *Jonathan Chuang v. Dr. Pepper Snapple Grp.,*
6    *Inc.*, No. CV1701875MWFMRWX, 2017 WL 4286577, at *3 (C.D. Cal. Sept. 20, 2017).
7    "[T]hese laws prohibit 'not only advertising which is false, but also advertising which, although
8    true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or
9    confuse the public.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002), *as modified* (May 22, 2002)
10   (quoting *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985)).  Even so, "[t]he reasonable consumer
11   standard requires more than a mere possibility that the label 'might conceivably be misunderstood
12   by some few consumers viewing it in an unreasonable manner.'" *McGinity v. Procter & Gamble*
13   *Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir.
14   2016)) (internal marks removed).  A plaintiff must establish "a probability 'that a significant
15   portion of the general consuming public or of targeted customers, acting reasonably in the
16   circumstances, could be misled.'" *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble*
17   *Co.*, 105 Cal.App.4th 496, 508 (2003)).

18   Whether a representation is false or misleading to the reasonable consumer is typically a
19   question of fact not suited to a motion to dismiss. *Williams v. Gerber Prod. Co.*, 552 F.3d 934,
20   938 (9th Cir. 2008).  However, "in rare situations a court may determine, as a matter of law, that
21   the alleged violations of the UCL, FAL, and CLRA are simply not plausible." *Ham v. Hain*
22   *Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014).  The Court considers the
23   Representations in context to determine if Plaintiff's allegations are plausible. *Moore v. Trader*
24   *Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

25   The FAC faults Defendant's products for creating the false impression that "the amount of
26   real honey in the Products (i) flavors the Products; (ii) coats and soothes; and (iii) provides the
27   benefits of real honey."  (FAC ¶ 28.)  Plaintiff identifies the phrases "Made with Real Honey,"
28   "Flavored with Real Honey," and "Coats and Soothes" as misleading.  He also points to the label

7

and cap design, which prominently feature honey. Plaintiff does not contend that the Products do not contain honey, do not taste like honey, or do not "coat and soothe"; rather, he contends that honey is present in such insignificant amounts so as to not provide the Product's honey flavor or the coating and soothing effects.

Defendant contends that the FAC fails to allege that a reasonable consumer would reach these three conclusions based on the Product label, or that the label is false or misleading. Defendant asserts that the label accurately reflects that the Product contains honey and "coats and soothes," and so cannot, as a matter of law, be misleading.

### 1. "Made with Real Honey."

The parties agree that some iota of honey is present in the Product, and so the Representation that the Product is "made with real honey" is accurate. However, even if its Representations are technically true, Defendant may be liable under the UCL, FAL, or CLRA if the Representations would confuse or deceive a reasonable consumer regarding the amount of honey in the Product. *See Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (noting California consumer protection laws extend beyond representations that are false). While honey may be present in the Product, prominent representations regarding its presence may be misleading if so little honey is present that it provides no benefit. *See Tucker v. Post Consumer Brands, LLC*, No. 19-CV-03993-YGR, 2020 WL 1929368, at *5 (N.D. Cal. Apr. 21, 2020) (observing that, "[a]lthough the package does not make any objective representations about the amount of honey in the cereal, a reasonable consumer could see the prominent honey-related words and imagery and be deceived into thinking the cereal contained relatively less refined sugar and more honey."); *see also Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 104 (E.D.N.Y. 2020) ("A chocolate chip cookie may not necessarily be comprised predominantly of chocolate (one can only dream), but it would still likely be misleading to label it as 'Made With Natural Chocolate' if the cookie's chocolate's content is 99.999% artificial and synthetic.").

Here, the Product contains numerous, prominent Representations that compound the effect of the "Made with Real Honey" statement. The statement is in capitalized letters on the front and back of the bottle cap, which is designed to look like dripping honey. The golden liquid inside the

8

Product is visible through the clear bottle. The front label has a large image of a honey dripper dripping honey onto a honeycomb. The word "Honey" before "Cold & Flu" is gold, with the "O" shaped like a hexagon, further evoking a honeycomb. Honey is the central design feature of the Product label, coloring, and packaging.

These prominent representations could plausibly convince a reasonable consumer that the Product is made with a non-negligible amount of honey such that it flavors the Product and coats and soothes. Yet, the amount of honey is so negligible that it is not included on the Product's ingredients lists. The Court thus cannot say that the "made with" Representation is not misleading as a matter of law. *See Sharpe*, 481 F. Supp. 3d at 104 (noting label could be misleading if "made with" claim referred to negligible ingredient).

### 2.     "Flavored with Real Honey."

Defendant contends that the Representation "Flavored with Real Honey" is literally true given the presence of some honey in the products, and it further contends that it is implausible that a reasonable consumer would seek out DayQuil and NyQuil flavored with natural sweeteners when the active ingredients are synthetic and prominently listed on the labels.

Defendant's inference regarding consumer expectations is just that: an unsupported inference. Plaintiff alleges that he, personally, was led to believe that the "Flavored with Real Honey" Representation meant that real honey was the primary source of the "honey" flavor. (FAC ¶¶ 28, 50.) Plaintiff could only dispel this belief by lifting the peel-back label on the back of the bottles to find the inactive ingredients list. (*Id.* ¶¶ 35, 44.) It is plausible that a reasonable consumer would take the label to mean what it says: that the medicines are flavored with honey, not other flavoring ingredients with an undetectable amount of honey. *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (noting "[l]iteral truth can sometimes protect a product manufacturer from a misleading claim, but it is no guarantee") (quoting *Brady v. Bayer Corp.*, 26 Cal.App.5th 1156, 1166 (2018)); *see also Sharpe*, 481 F. Supp. 3d at 104.

Moreover, Plaintiff plausibly alleges that the benefits of natural ingredients are important to consumers who purchase the Product. (FAC ¶¶ 6, 13.) Although the active ingredients are synthetic, a reasonable consumer could seek to limit the additional synthetic ingredients she is

ingesting for mere flavoring purposes. As the song goes, "a spoonful of sugar helps the medicine go down," not "a spoonful of flavor, glycerin, saccharin sodium, sorbitol, and sucralose helps the medicine go down." *See id.* ¶ 32; MARY POPPINS (Walt Disney 1964).

### 3. "Coats and Soothes."

Defendant likewise does not convince the Court that prominent representations regarding the Product's "coating and soothing" qualities could not be misleading because the other, active ingredients in the Product work to "coat and soothe." The Representation "Coats and Soothes" appears on the cap, which is designed to look like honey dripping off a honeycomb. The font in which "Coats and Soothes" is written is bubbled and dark gold to look like honey. Given the Representation, considered in context of the label design, coloring, font, placement, and graphics, it is plausible that a reasonable consumer could expect that honey, rather than other, artificial ingredients, is the source of the Product's coating and soothing effect.

In summation, the Court rejects Defendant's arguments that no reasonable consumer could plausibly find the Representations misleading. The Court denies the motion, in part, on this basis.

### E. The Court Dismisses the Claims for Equitable Relief, With Leave to Amend.

Defendant moves to dismiss Plaintiff's FAL and UCL claims for equitable relief on the basis that Plaintiff fails to allege he lacks an inadequate remedy at law. It is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief. *See, e.g.*, *Korea Supply Co. v. Lockheed Martin Corp*, 29 Cal. 4th 1134, 1146-49 (2003). In contrast, the CLRA provides for equitable relief and for damages. "[T]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020).

Plaintiff does not include any allegations, factual or otherwise, that he lacks an inadequate remedy at law. Accordingly, the Court grants, in part, Defendant's motion to dismiss on this basis. *See Hanscom v. Reynolds Consumer Prods.*, No. 21-cv-3434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022). Because the Court cannot say it would be futile, it will grant Plaintiff leave to amend.

**F.  The Court Dismisses the Express Warranty Claim, With Leave to Amend.**

Defendant argues that the express warranty claim must be dismissed because Plaintiff fails to allege (i) the exact terms of the warranty, or (ii) the damages he suffered by breach of the warranty. The Court finds that Plaintiff pleads the warranty's terms, but not damages.

"To prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013).

Plaintiff's theory is that Defendant (1) made an affirmative promise that the Product was "made with" or "flavored with" honey such that the honey would "coat and soothe"; (2) the promises "formed the basis of the price" Plaintiff paid for the Product; (3) the Product did not, in fact, contain enough honey to flavor the Product or to coat and soothe; and (4) Plaintiff was damaged by the purchase price. *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1031 (N.D. Cal. 2016); (FAC ¶¶ 130-31). The Court agrees this theory is plausible, for the same reasons it finds that a reasonable consumer would understand the Representations to mean that the Product contains enough honey to flavor the Product, coat and soothe, or provide other benefits.

Nevertheless, Plaintiff's claim stumbles on the fourth prong: damages. Plaintiff now argues that he seeks the "benefit of his bargain" damages in the alternative to purchase price damages. That argument contradicts the plain text of the FAC, which claims that Plaintiff and putative class members "were harmed in the amount of the purchase price they paid" and in "the amounts paid for the Products, and any interest that would have accrued on those monies." (*Id.* ¶¶ 130-31.) Plaintiff's allegations of harm are not plausible given that he received some value from the purchase. *See, e.g.*, *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 966 (N.D. Cal. 2018) (noting damages for breach of warranty for defect in vehicles "will be measured by the diminution in value between the vehicles as warranted and the vehicles as sold").

Because Plaintiff can cure this defect, the Court dismisses this claim with leave to amend.

**G.     The Court Dismisses the Quasi-Contract Claim, With Leave to Amend.**

Under California law, the elements of a quasi-contract claim are "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)).  Here, Defendant argues that the quasi-contract claim should be dismissed because (i) Plaintiff fails to allege he lacks an adequate remedy at law; (ii) Plaintiff received the benefit of his bargain; and (iii) the quasi-contract claim is duplicative of Plaintiff's other claims.

Defendant's latter argument is precluded by Ninth Circuit precedent holding that district courts should not dismiss claims solely for being duplicative. *Astiana*, 783 F.3d at 762-63 (holding, "[t]o the extent the district court concluded that the cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal.").

As discussed above, Plaintiff plausibly alleges that a reasonable consumer would understand the Representations to promise that the Product was made with a non-negligible amount of honey.  If the Product does not contain sufficient honey to coat and soothe or to flavor the Product, then Defendant's retention of a price premium from the Representations could be unjust.

However, Plaintiff does not rebut Defendant's argument that Plaintiff failed to plead facts showing that Plaintiff lacks an adequate remedy at law.  In the absence of such allegations, Plaintiff's quasi-contract claim fails.

Because amendment would not be futile, the Court grants Plaintiff leave to amend.

**H.     Standing for Products Not Purchased.**

Lastly, Defendant argues that Plaintiff lacks standing to seek relief based on products that he did not purchase.  This challenge is not well taken, because a plaintiff who seeks to represent a putative class may have standing to pursue claims based upon products he did not purchase. *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015).  If the named plaintiff has a claim, he may challenge the defendant's conduct relating to "the same type of relief or the same kind of

1  injury" as unnamed class members unless the conduct raises "a significantly different set of
2  concerns." *Id.* at 1263 (citing *Gratz v. Bollinger*, 539 U.S. 244, 265 (2003).  Differences between
3  the claims are then tested at the class certification stage. *Id.* at 12-62-63.

4  To make this determination in the labeling context, "courts look to a series of factors
5  including whether the challenged products are of the same kind, comprised of largely the same
6  ingredients, and whether each of the challenged products bears the same alleged mislabeling[.]"
7  *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 729 (N.D. Cal. 2023) (quoting *Figy v. Frito-Lay N.*
8  *Am., Inc.*, 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014)).  Courts have found that diverse products
9  bearing similar labels are "substantially similar." *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-
10 00413-TSH, 2021 WL 1788397, at *4 (N.D. Cal. May 5, 2021) (collecting cases).  "In cases
11 where a plaintiff's allegations that a product's label would mislead a reasonable consumer 'require
12 a context-specific analysis of the appearance of the label, the misrepresentation's placement on the
13 label, and other information contained on the label,' the plaintiff 'may only be allowed to pursue
14 those claims for products with identical labels.'" *Zimmerman v. L'Oreal USA, Inc.*, No. 22-CV-
15 07609-HSG, 2023 WL 4564552, at *3 (N.D. Cal. July 17, 2023) (quoting *Ang v. Bimbo Bakeries*
16 *USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at **4-8 (N.D. Cal. Mar. 13, 2014)).

17 Here, the products that Plaintiff did not purchase differ from the Product in the following
18 ways: certain of the labels were for DayQuil, not NyQuil, medicine; the products directed at
19 children include the word "Kids" in the name (DayQuil and NyQuil Kids Honey Cold & Cough +
20 Congestion); and the DayQuil and NyQuil Severe Honey Cold & Flu Liquid medicines might say
21 "Flavored with Real Honey" instead of "Made with Real Honey" on the cap.  (*See* FAC ¶¶ 1-2.)

22 Defendant contends that the "Flavored with Real Honey" labels are materially different
23 than the "Made with Real Honey" labels.  It argues that "courts have acknowledged there is a
24 meaningful difference between saying a product is 'made' with an ingredient and 'flavored' with
25 an ingredient."  (Mot. at 14.)

26 Defendant's authority undercuts its argument.  In *Cruz v. D.F. Stauffer Biscuit Co.*, for
27 example, the Magistrate Judge found that the absence of a claim on the label that the lemon snap
28 cookies at issue were "made with lemons" undercut the plaintiff's expectation that the cookies

13

were "flavored" with lemons. No. 20CV2402PGGJLC, 2021 WL 5119395, at *6 (S.D.N.Y. Nov. 4, 2021), *report and recommendation adopted,* No. 20CIV2402PGGJLC, 2022 WL 4592616 (S.D.N.Y. Sept. 29, 2022). *Cruz* thus supports an inference of some degree of interchangeability between "made with" and "flavored with" statements. Similarly, the label at issue in *Fahey v. Whole Foods Market, Inc.* did not include any "made with" or "flavored with" representations that would imply vanilla was an ingredient in vanilla almond milk. No. 20-CV-06737-JST, 2021 WL 2816919, at *3 (N.D. Cal. June 30, 2021). In reaching this conclusion, the *Fahey* court cited a decision holding that a "made with aged vanilla" claim on a label "implies that the product's vanilla flavor is derived predominately from the vanilla plant." *Id.* (citing *Dailey v. A&W Concentrate Co.*, No. 19-CV-768 (BMC), 2021 WL 777114, at *1 (N.D. Cal. Feb. 16, 2021)). Finally, *Red v. Kraft Foods, Inc.* is inapposite because, in that case, the plaintiff challenged the phrase "made with real vegetables." No. CV 10-1028-GW(AGRX), 2010 WL 11586887, at *4 (C.D. Cal. Nov. 4, 2010). In finding that this "made with" statement likely did not relate to the product's characterizing flavor, the court mused, "Query, is there a taste that is associated with 'real vegetables?'" *Id.* n.4. Honey, unlike unspecified "real vegetables," has a distinct and well-known flavor.

Plaintiff plausibly asserts that "Made with Real Honey" and "Flavored with Real Honey" mislead consumers in substantially the same way. The phrases are located in the same position on the bottle cap, in the same font, on the same or similar background of dripping honey. The other information and design on the labels are the same. The Product ingredients are the same. According to Plaintiff, both phrases imply that honey is the predominant source of the honey flavor, and that honey is primarily responsible for the medicines' coating and soothing effect. Whether this contention is correct is a question of fact not suitable for resolution at this stage.

The Court finds that Plaintiff has standing to pursue claims relating to the products he did not personally purchase.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS, IN PART, and DENIES, IN PART, Defendant's motion, as follows:

- Plaintiff's FAL, UCL, and Quasi-Contract claims are dismissed, without prejudice, for failure to plead facts showing that Plaintiff lacks an adequate remedy at law;
- Plaintiff's Breach of Express Warranty claim is dismissed because Plaintiff fails to plead the appropriate measure of damages;
- Plaintiff's CLRA claim remains, because the claim is not preempted and Plaintiff plausibly alleges that a reasonable consumer would be misled by the Representations.

Plaintiff may file an amended pleading, if it so chooses, by May 1, 2024. The Court HEREBY ORDERS the parties to appear for a Case Management Conference on June 21, 2024, at 11:00 a.m. The parties shall submit an updated Joint Case Management Statement no later than June 14, 2024.

**IT IS SO ORDERED.**

Dated: April 9, 2024

_____
JEFFREY S. WHITE
United States District Judge